## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Angela Block, as Trustee for the Next of Kin
of J.A., a minor, deceased, J.A. a minor, by
her mother and natural guardian,
Angela Block; and Angela Block, individually,

Plaintiffs,

v.

Toyota Motor Corporation, a Japanese corporation;
Toyota Motor North America, Inc., a California
corporation; Calty Design Research, Inc., a
California corporation; Toyota Motor Engineering
and Manufacturing North America, Inc., a Kentucky
corporation; Toyota Motor Manufacturing,
Kentucky, Inc., a Kentucky corporation; Toyota
Motor Sales, USA, Inc., a California corporation;
Brooklyn Park Motors, Inc., a Minnesota corporation
doing business as Toyota City,

Defendants.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 10-2802 ADM/AJB

_____

Amy Collignon Gunn, Esq., and John G. Simon, Esq., The Simon Law Firm, PC, St. Louis, MO;
and Paige J. Donnelly, Esq., and Sheila K. Donnelly-Coyne, Esq., Paige J. Donnelly, Ltd., St.
Paul, MN, on behalf of Plaintiff Angela Block.

John D. Sear, Esq., Bard D. Borkon, Esq., Lawrence C. Mann, Esq., Nathan J. Marcusen, Esq.,
and Theodore Dorenkamp, Esq., Bowman & Brooke, LLP, Minneapolis, MN and Troy, MI, on
behalf of Defendants Toyota Motor Corporation; Toyota Motor Sales, USA, Inc., Toyota Motor
North America, Inc.; Toyota Motor Engineering and Manufacturing North America, Inc.; Toyota
Motor Manufacturing Kentucky, Inc.; and Calty Design Research, Inc.

Nancy L. Gores, Law Offices of Stilp & Grove, Golden Valley, MN on behalf of Defendant
Brooklyn Park Motors, Inc.

_____

## I.  INTRODUCTION

This matter is before the undersigned United States District Judge for consideration of

Plaintiff Angela Block's ("Block") Motion to Reconsider or in the Alternative to Direct Entry of

Final Judgment [Docket No. 59].  Defendants Calty Design Research, Inc., Toyota Motor

Corporation, Toyota Motor Engineering and Manufacturing North America, Inc., Toyota Motor

Manufacturing, Kentucky, Inc., Toyota Motor North America, Inc., and Toyota Motor Sales,

USA, Inc. (collectively "Defendants") oppose the Motion.  For the reasons set forth below, the

Motion is denied in part and granted in part.

## II.  BACKGROUND

This case rises out of a tragic car accident where an allegedly defective Toyota Camry

accelerated into a parked car pushing it into oncoming traffic and injuring or killing its

passengers.  Notice of Removal [Docket No. 1], Ex. 1 Compl. ¶¶ 15-22.  Plaintiff Block initially

filed suit in Minnesota state court, but Defendants removed the case to federal court.  Block

sought remand arguing that the Court lacked removal jurisdiction under 28 U.S.C. § 1441(b)

because Defendant Brooklyn Park Motors, Inc. ("Brooklyn Park Motors") is a resident of

Minnesota.  Defendants argued that no colorable claim exists against Brooklyn Park Motors, and

therefore its citizenship is not considered for removal purposes under the doctrine of fraudulent

joinder.  By Order dated December 23, 2010 [Docket No. 51], Block's motion to remand was

denied and the claims against Brooklyn Park Motors were dismissed with prejudice.  Block now

seeks reconsideration of that Order, or in the alternative entry of final judgment.

## III.  DISCUSSION

### A.    Motion to Reconsider

Rule 7.1(h) of this District's Local Rules requires that a party seeking to file a motion to

reconsider obtain the express permission of the presiding District Judge before doing so.  In this

case, Block's counsel disregarded that rule and filed the present motion without prior

permission.  The Court has instructed the parties that in an exercise of discretion it will consider

Block's motion and provide retroactive permission in this single instance.  No further discussion

of Rule 7.1(h) is warranted, but the Court admonishes counsel to pay closer attention to this

District's Local Rules.

Motions to reconsider are not contemplated by the Federal Rules of Civil Procedure.

Motions to reconsider, however, are allowed under the Local Rules, and the law of this District

is that motions to reconsider "afford an opportunity for relief in extraordinary circumstances."

Clear Channel Outdoor, Inc. v. City of Saint Paul, 642 F. Supp. 2d 902, 909-10 (D. Minn. 2009)

(quoting Dale & Selby Superette & Deli v. U.S. Dept. Of Agriculture, 838 F. Supp. 1346, 1348

(D. Minn. 1993)).

No extraordinary circumstances exist in this case.  No new evidence has been presented,

and the Court is unconvinced that its prior Order contains any manifest errors of law or fact.

Indeed, were the Court to consider the issue anew, it would still deny Block's motion to remand

because no plausible scenario exists where Brooklyn Park Motors could be liable to Block in

light of Minn. Stat. § 544.41.  Therefore, the Court will not reconsider its prior Order and now

turns instead to entry of final judgment.

**B.     Motion to Direct Entry of Final Judgment**

Rule 54(b) of the Federal Rules of Civil Procedure provides that in actions with multiple

parties, such as this, the Court may direct entry of a final judgment as to one or more, but fewer

than all, parties if the Court determines that there is not just reason for delay.  Fed. R. Civ. P.

54(b).  To grant a motion under Rule 54(b), the Court must find that (1) a final judgment is at

issue and (2) there is no just cause for delay.  Curtiss-Wright Corp. v. General Elec. Co., 446

U.S. 1, 7-8 (1980).

In this case, the Court's Order of December 23, 2010 was a final judgment as to Brooklyn Park Motors.  Each claim against Brooklyn Park Motors had an ultimate disposition; the claims were dismissed with prejudice.  Further, no just reason for delay exists.  Concerns regarding piecemeal litigation are outweighed by the unique circumstances facing Brooklyn Park Motors.  The resolution of the claims against Brooklyn Park Motors largely turns on Minn. Stat. § 544.41, which is not applicable to the other Defendants.  Further, the dismissal of the claims against Brooklyn Park Motors deprived Block of her choice of forum.  Early resolution of any jurisdictional issues is beneficial to judicial economy.  Finally, Defendants' argument that Block will suffer no hardship in delay because she waited four years to file suit is impertinent.  Criminal homicide was initially believed to be cause of the car accident at issue, and it appears Block filed this civil suit expeditiously after she suspected that criminal conduct was not the cause of the accident.  Therefore, no just cause for delay exists and entry of final judgment is appropriate.

## IV.  CONCLUSION

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Block's Motion to Reconsider or in the Alternative to Direct Entry of Final Judgment [Docket No. 59] is **DENIED IN PART** as to reconsideration and **GRANTED IN PART** as to entry of final judgment, and there being no just cause for delay, the Court pursuant to Rule 54(b) of the Federal Rules of Civil Procedure directs the Clerk to enter final judgment in favor of Brooklyn Park Motors and against Plaintiff on all claims dismissed in the Court's Order dated December 23, 2010 [Docket No. 51].

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

BY THE COURT:


_____s/Ann D. Montgomery_____
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  February 28, 2011.