**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

_____

Angela Block, as Trustee for the Next of Kin          Civil No. 10-2802 ADM/AJB
of J.A., a minor, deceased, J.A. a minor, by
her mother and natural guardian,
Angela Block; and Angela Block, individually,

                Plaintiffs,

v.

Toyota Motor Corporation; Toyota Motor North
America, Inc.; Calty Design Research, Inc.;
Toyota Motor Engineering and Manufacturing          **MEMORANDUM OPINION**
North America, Inc.;                                **AND ORDER**
Toyota Motor Manufacturing, Kentucky, Inc.;
Toyota Motor Sales, USA, Inc.;
Brooklyn Park Motors, Inc.,

                Defendants.

_____

Catrina Trice-Adams, as Trustee for the Next          Civil No. 10-2803 ADM/AJB
of Kin of Javis Demar Trice-Adams, Sr.,
Decedent and as Next Friend of J.D.T. 1,
J.D.T. 2 and J.D.T. 3, Minor Children,

                Plaintiff,

v.

Toyota Motor Corporation; Toyota Motor Sales,
USA, Inc.; Toyota Motor North America, Inc.;
Toyota Motor Engineering and Manufacturing
North America, Inc.;
Toyota Motor Manufacturing, Kentucky, Inc.;
Calty Design Research, Inc.;
Brooklyn Park Motors, Inc.;
Andrea Rose Sebenaler,

                Defendants.

_____

Bridgette Trice, Individually and as Trustee for          Civil No. 10-2804 ADM/AJB
the Heirs and Next of Kin of D.D.B., Deceased,

             Plaintiff,

and

Koua Fong Lee, Panghoua Moua, Nhia Koua Lee,
Nong Lee, Y. (a minor) Lee, J. (a minor) Lee,
A.P.L., Y.L.,

             Plaintiff-Intervenors,

and

American Family Mutual Insurance Company,

             Plaintiff-Second
             Intervenors,

v.

Toyota Motor Corporation; Toyota Motor Sales,
USA, Inc.; Toyota Motor North America, Inc.;
Toyota Motor Engineering and Manufacturing
North America, Inc.;
Toyota Motor Manufacturing, Kentucky, Inc.;
Calty Design Research, Inc.;
Brooklyn Park Motors, Inc.,

             Defendants.

_____

Quincy Ray Adams,                                         Civil No. 10-2805 ADM/AJB

             Plaintiff,

and

Koua Fong Lee, Panghoua Moua, Nhia Koua Lee,
Nong Lee, A.P.L., Y.L., Y.L., a minor, J.L,
a minor,

             Plaintiff-Intervenors,

v.

Toyota Motor Corporation; Toyota Motor Sales,
USA, Inc.; Toyota Motor North America, Inc.;
Toyota Motor Engineering and Manufacturing
North America, Inc.;
Toyota Motor Manufacturing, Kentucky, Inc.;
Calty Design Research, Inc.;
Brooklyn Park Motors, Inc.,

Defendants.

---

Amy Collignon Gunn, Esq., and John G. Simon, Esq., The Simon Law Firm, PC, St. Louis, MO;
and Paige J. Donnelly, Esq., and Sheila K. Donnelly-Coyne, Esq., Paige J. Donnelly, Ltd., St.
Paul, MN, on behalf of Plaintiff Angela Block.

Robert J. Patterson, Esq., and Alan Clifton Gordon, Esq., Watts Guerra Craft, LLP, Corpus
Christi, TX; Mikal C. Watts, Esq., Watts Law Firm, LLP, Corpus Christi, TX; and Michael D.
Swor, Swor & Gatto, PA, St. Paul, MN on behalf of Plaintiff Catrina Trice-Adams.

Kenneth R. White, Esq., Law Office of Kenneth R. White, PC, Mankato, MN; Christopher D.
Stock, Esq., Jean M. Geoppinger, Esq., Stanley Morris Chesley, Esq., and Wilbert B. Markovits,
Esq., Waite Schneider Bayless & Chesley, Cincinnati, OH; and Michael B. Padden, Esq., Padden
& Associates LLC, St. Paul, MN on behalf of Plaintiff Bridgette Trice.

Robert C. Hilliard, Esq., Hilliard Munoz Gonzales LLP, Corpus Christi, TX; Kathryn Snapka,
Esq., The Snapka Law Firm, Corpus Christi, TX; and Brent S. Schafer, Schafer Law Firm, PA,
Eagan, MN, on behalf of Plaintiff-Intervenors.

Forrest G. Hopper, Esq., and Kevin J. Kennedy, Esq., Borgelt, Powell, Peterson & Frauen S.C.,
Oakdale, MN, and Lori Jones Blangger, Esq., Williams & Mahoney, LLC, Beverly, MA, on
behalf of Plaintiff-Second Intervenor American Family Mutual Insurance Company.

John D. Sear, Esq., Bard D. Borkon, Esq., Lawrence C. Mann, Esq., Nathan J. Marcusen, Esq.,
and Theodore Dorenkamp, Esq., Bowman & Brooke, LLP, Minneapolis, MN and Troy, MI, on
behalf of Defendants Toyota Motor Corporation; Toyota Motor Sales, USA, Inc., Toyota Motor
North America, Inc.; Toyota Motor Engineering and Manufacturing North America, Inc.; Toyota
Motor Manufacturing Kentucky, Inc.; and Calty Design Research, Inc.

---

3

# I.  INTRODUCTION[1]

On April 19, 2011, the undersigned United States District Judge heard oral argument on Plaintiff Angela Block's ("Block") Motion for Leave to Amend Their Original Complaint [Block Docket No. 81];[2] Plaintiff Catrina Trice-Adams' ("Trice-Adams") Motion for Leave to File Their First Amended Complaint [Trice-Adams Docket No. 86]; Plaintiff Bridgette Trice's ("Trice") Motion for Leave to Amend Their Original Complaint [Trice Docket No. 143]; Plaintiff-Intervenors Koua Fong Lee, Panghoua Moua, Nhia Koua Lee, Nong Lee, A.P.L., Y.L., and J.L.'s (collectively "Plaintiff-Intervenors") Rule 15(a)(2) Motion to Amend the Complaint [Trice Docket No. 111]; Plaintiff-Second Intervenor American Family Mutual Insurance Company's ("American Family") (Block, Trice-Adams, Trice, Plaintiff-Intervenors, and American Family are collectively "Plaintiffs") Motion to Amend the Complaint [Trice Docket No. 108]; Plaintiff Quincy Ray Adams' ("Adams") Motion for Leave to Amend His Original

---

[1] The motions in these four related cases were consolidated for the purposes of oral argument and this Order.  For sake of clarity, references to the docket in the Block matter will reference "Block Docket No.", references to the docket in the Trice-Adams matter will reference "Trice-Adams Docket No.", references to the docket in the Trice matter will reference "Trice Docket No." and references to the docket in the Adams matter will reference "Adams Docket No."

[2] Defendants elected not to respond to Block's motion.  Instead, without citing any authority, Defendants argue that the Block matter is subject to an automatic stay as a result of the Order dated February 28, 2011 [Block Docket No. 74] directing entry of final judgment under Rule 54(b) for the claims against Brooklyn Park Motors, Inc.  Absent such authority and absent a motion to stay, the Block matter is not subject to a stay.  Cf. Wachner v. Aramark Educ. Servs., No. CV 02-528-BR, 2004 WL 1354274, *1-3 (D. Or. June 15, 2004) (granting Rule 54(b) motion while denying simultaneously-filed motion to stay).  However, rather than finding the Defendants to be in default, given the high-level of similarity between the motions here and Block's awareness of the happenings in the related cases, the Court will impute the Defendants' arguments in the related cases to the Block case.  See Fed. R. Civ. P. 1 (stating that the Federal Rules of Civil Procedure should be construed to administer the just, speedy and inexpensive determination of every action and proceeding).

Complaint [Adams Docket No. 85]; and Defendants Toyota Motor Corporation, Toyota Motor Sales, USA, Inc., Toyota Motor North America, Inc., Toyota Motor Engineering and Manufacturing North America, Inc., Toyota Motor Manufacturing, Kentucky, Inc., Calty Design Research, Inc.'s (collectively, the "Toyota Defendants") several Motions for Judgment on the Pleadings [Block Docket No. 64][Trice-Adams Docket No. 70] [Trice Docket Nos. 83, 86][Adams Docket No. 64].  For the reasons set for below, the motions that seek to amend the pleadings are conditionally granted and the motions for judgment on the pleadings are denied except as against Plaintiff-Intervenors, that motion is granted in part and denied in part.

## II.  BACKGROUND[3]

These motions relate to four related lawsuits pending before the Court.  All lawsuits stem from the same tragic automobile accident on June 10, 2006.  A 1996 Toyota Camry (the "Camry") driven by Koua Fong Lee ("Lee") collided with a 1995 Oldsmobile driven by Javis Trice-Adams.  Pls.' Mot. for Leave to File Their First Am. Compl. [Trice-Adams Docket No. 86], Ex. 1 ("Trice-Adams Proposed First Am. Compl.") ¶ 1.  The collision pushed the Oldsmobile, carrying five passengers, into a turn and across the intersection at which it was waiting.  Id. ¶ 20.  Two of the passengers died at the scene, one passenger was rendered a quadriplegic and later died, and the other two passengers in the Oldsmobile suffered severe injuries.  Id. ¶ 22.

At the time of the accident, Lee shouted "Brakes! Brakes not working."  Id. ¶ 1.  After

---

[3]  For reasons to be discussed, all motions here are analyzed under the standards for a Motion to Dismiss.  As such, the Court takes the facts alleged in Plaintiffs' complaints to be true. See Hamm v. Groose, 15 F.3d 110, 112 (8th Cir. 1994).

the accident, Lee told police and others that he applied the brakes of the Camry but the Camry would not stop.  Id. ¶ 23.  On March 15, 2007, a warrant was issued for Lee's arrest on eight counts of criminal vehicular homicide/injury and one count of careless driving.  Id. ¶ 24.  In October 2007, a jury found Lee guilty on all eight counts and he was sentenced to eight years in prison.  Id. ¶ 25.  On March 24, 2010, after serving more than two years of his sentence, Lee petitioned for post-conviction relief based on two product recalls of Toyota vehicles but not covering his 1996 Toyota Camry.  Id. ¶¶ 26-27.

In August 2010, at an evidentiary hearing, thirteen witnesses testified on Lee's behalf, including two experts that corroborated Lee's story that he applied the brakes of the Camry but the accelerator system malfunctioned.  Id. ¶ 29.  Eleven lay witnesses testified they had experienced sudden unintended acceleration problems while driving 1995 or 1996 Toyota Camrys.  Id.  At the conclusion of the hearing, Lee's petition was granted and his criminal convictions were vacated.  Id. ¶ 41.  In the Order granting relief, Lee's counsel at his criminal trial was found to be "deficient and so prejudicial that [Lee] at trial most likely would have received a different outcome . . . ."  Borkon Decl. [Trice Docket No. 89] Ex. L, Transcript attached to August 9, 2010 Order of the Second Judicial District of Minnesota, at 70-71.  The Ramsey County Attorney did not appeal the relief granted and has stated Lee will not face any further criminal charges related to the accident.  Trice-Adams Proposed First Am. Compl. ¶ 41.

The Toyota Defendants all participated in either the design, manufacture, or sale of the Camry.  Id. ¶ 15.  The Plaintiffs in the various actions claim that the Toyota Defendants became aware of the 1996 Toyota Camry's propensity to experience sudden unintended acceleration through complaints to Toyota-affiliated dealerships or complaints to the National Highway

Traffic Safety Administration ("NHTSA").  <u>See</u>, <u>e.g.</u>, <u>id.</u> ¶¶ 44-46.  Despite this knowledge, none of the Toyota Defendants disclosed the existence of defects leading to sudden unintended acceleration.  <u>Id.</u> ¶¶ 48-57.  Further, employees of some of the Toyota Defendants made statements to the national media that Toyota vehicles were safe.  <u>Id.</u> ¶¶ 70-72.

The various Plaintiffs filed state court actions that were removed to federal court by the Toyota Defendants.  The Toyota Defendants then moved for judgment on the pleadings in all four cases.  In response, the Plaintiffs sought leave to amend the pleadings to cure the alleged deficiencies cited by the Toyota Defendants in their motions.  The Toyota Defendants have responded by arguing that leave to amend is futile due to alleged shortcomings in the Plaintiffs' proposed amended complaints.

## III.  DISCUSSION

### A.   Motion for Judgment on the Pleadings

The Toyota Defendants' motions are predicated on Rule 12(c) of the Federal Rules of Civil Procedure (the "FRCP").  Rule 12(c) allows a party to move for judgment on the pleadings "[a]fter the pleading are closed – but early enough not to delay trial."  Fed. R. Civ. P. 12(c).  A Rule 12(c) motion is analyzed under the same standard that governs motions under Rule 12(b)(6) of the FRCP.  <u>Westcott v. Omaha</u>, 901 F.2d 1486, 1488 (8th Cir. 1990).

In considering a motion to dismiss under Rule 12(b)(6), courts must construe the pleadings in the light most favorable to the nonmoving party and view the facts alleged in the complaint as true.  <u>Hamm v. Groose</u>, 15 F.3d 110, 112 (8th Cir. 1994); <u>Ossman v. Diana Corp.</u>, 825 F. Supp. 870, 879-80 (D. Minn. 1993).  Any ambiguities concerning the sufficiency of the claims must be resolved in favor of the nonmoving party.  <u>Ossman</u>, 825 F. Supp. at 880.  "A

motion to dismiss should be granted as a practical matter . . . only in the unusual case in which the plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief."  Frey v. City of Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995). Under Rule 8(a), pleadings "shall contain a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  A pleading must contain "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In response to the motions for judgment on the pleadings, Plaintiffs have filed motions for leave to amend under Rule 15.  Plaintiffs argue that in light of their motions for leave to amend, the motions for judgment on the pleadings are now moot.  See, e.g., Onyiah v. St. Cloud State Univ., 655 F. Supp. 2d 948, 958 (D. Minn. 2009) ("[A]s a general proposition, if a defendant files a Motion to Dismiss, and the plaintiff later files an Amended Complaint, the amended pleading renders the defendant's Motion to Dismiss moot.").  Indeed, were leave to amend granted, the proposed amended complaints would moot the Toyota Defendants' arguments related to the claims for failure to recall and failure to retrofit, as well as Block, Trice, Trice-Adams, and Adams' fraud claims.  However, the Toyota Defendants' motions remain live with respect to their other arguments because they argue that amendment is futile, which is also analyzed under the Rule 12(b)(6) standard as discussed below.  Therefore, the Court will analyze the motions for judgment on the pleadings in tandem with the motions for leave to amend.

**B.     Motion for Leave to Amend Standard**

Rule 15 of the FRCP provides that leave to amend the pleadings should be liberally granted "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Leave to amend, however, is

properly denied where amendment is futile.  See Zutz v. Nelson, 601 F.3d 842, 850-52 (8th Cir.

2010).  Amendment is futile where the proposed amended complaint fails to state a claim under

the analysis for a Rule 12(b)(6) motion.  Id. at 850.

Here, the Toyota Defendants have identified an issue common to all Plaintiffs' proposed

amended complaints that the Toyota Defendants aver is fatally deficient: fraudulent

concealment.  The arguments related to fraudulent concealment for all Plaintiffs are considered

jointly below.  Further, with respect to only Plaintiff-Intervenors' proposed amended complaint,

the Toyota Defendants aver that amendment is futile because the proposed amended complaint

fails to state a claim for fraud, negligent infliction of emotional distress, and incarceration

damages.  Those arguments are considered in turn as well.[4]

## C.      Statute of Limitations/Fraudulent Concealment

It is undisputed that the statute of limitations for the various Plaintiffs' strict liability and

breach of warranty claims has run absent some form of equitable tolling.  Plaintiffs allege,

however, that the doctrine of fraudulent concealment has tolled the statute of limitations and

therefore their claims are timely.  See [Proposed] Amended Complaint [Block Docket No. 81,

---

[4] Additionally, the Toyota Defendants argued that the proposed amended complaints submitted by Adams, Trice-Adams, and Trice impermissibly sought punitive damages.  At oral argument, counsel for those parties agreed that pleading punitive damages at this procedural stage was inappropriate under Minnesota law, and agreed to strike those portions of their proposed amended complaints.  Further, Plaintiff-Intervenors' and American Family's proposed amended complaints included claims against Brooklyn Park Motors, Inc. ("Brooklyn Park Motors") which the Court previously dismissed from the Block and Trice-Adams matters.  After oral argument, the parties agreed to voluntarily dismiss Brooklyn Park Motors with prejudice.  Therefore, the arguments relating to Brooklyn Park Motors are now moot.  Finally, the Toyota Defendants took issue with Trice-Adams' failure to comply with this District's Local Rules requiring a "redline" copy of proposed amended complaints.  The Court will not sanction Trice-Adams for her failure to provide a "redline" copy; however, all counsel are hereby warned that the Court will require compliance with the Local Rules as the case proceeds.

Attachment 1] ¶¶ 49, 90, 105, 141, 153, 161; [Proposed] Plaintiffs' First Amended Complaint

[Trice-Adams Docket No. 86, Attachment 1] ¶ 42; [Proposed] Amended Complaint [Trice

Docket No. 145, Attachment 1, Ex. 1] ¶ 63; Plaintiff-Intervenors' First Amended Complaint in

Intervention [Trice Docket No. 113, Attachment 1] ¶ 35; Plaintiff-Second Intervenor's

(Proposed) Amended Complaint in Intervention [Trice Docket No. 121, Attachment 1] ¶ 64;

[Proposed] Amended Complaint [Adams Docket No. 87, Ex. 2] ¶ 61.

Fraudulent concealment is a somewhat amorphous doctrine.  See Wild v. Rarig, 234

N.W.2d 775, 795 (Minn. 1975) ("There is no categorical definition of what constitutes

fraudulent concealment.").  Fraudulent concealment requires that "the concealment must be

fraudulent or intentional and, in the absence of a fiduciary or confidential relationship, there

must be something of an affirmative nature designed to prevent, and which does prevent,

discovery of the cause of action."  Id. (quotation omitted).  Fraudulent concealment tolls the

running of the statute of limitations until "discovery or reasonable opportunity for discovery of

the [existence of a cause of action] by the exercise of ordinary diligence."  Id.  Further, because

fraudulent concealment invokes fraud, the heightened pleading requirements of Rule 9 apply.

Great Plains Trust Co. v. Union Pac. R.R. Co., 492 F.3d 986, 995 (8th Cir. 2007).  The Toyota

Defendants argue that Plaintiffs' proposed amendments are futile because they do not plead

diligence and fail to particularly identify which Toyota Defendants engaged in which fraudulent

acts.

### 1.      Diligence

The Toyota Defendants argue that Plaintiffs have essentially pled themselves out

of court by alleging that Lee insisted that he was not at fault for the accident and that his

Camry's brakes had not worked.  See, e.g., Reply Mem. of Law in Supp. of Toyota Defs.' Rule 12(c) Mot. for J. on the Pleadings [Trice Docket No. 149] at 5-10.  The Toyota Defendants argue that Lee's words, "Brakes! Brakes not working," at the time of the accident put them on notice of their claims and defeats any claim of fraudulent concealment.  Indeed, if Plaintiffs were on notice of their claims, they had a duty to exercise reasonable diligence to discover the basis for their claims.  See Wild, 234 N.W.2d at 795.  None of Plaintiffs have pled any facts to address the exercise of diligence in their respective proposed amended complaints.  Therefore, the Toyota Defendants argue that amendment is futile.

To the extent that the Toyota Defendants argue that Lee's adamant insistence that the brakes did not work prevented tolling of the statute of limitations as a matter of law, that position is unavailing.  The relevant question with respect to fraudulent concealment is when the plaintiff had such notice that the exercise of reasonable diligence would have alerted the plaintiff of the existence of a cause of action.  Klehr v. A.O. Smith Corp., 87 F.3d 231, 235 (8th Cir. 1996).  The Toyota Defendants appear to argue that Lee's protestations of innocence provided sufficient notice that any reasonable person would have known of the existence of a cause of action.

This argument is rejected.  Lee was charged, tried, and convicted of criminal homicide. Therefore, any notice of the possibility of a defect in the Camry must be evaluated in the context that a competing theory of causation of the accident existed.  Given the competing theories, the Court cannot say that the exercise of reasonable diligence would have alerted Plaintiffs to the existence of a cause of action.  Cf. Appletree Square I Ltd. P'ship v. Investmark, Inc., 494 N.W.2d 889, 894 (Minn. Ct. App. 1993) ("Reasonable diligence is generally a question of fact.").  Even for Plaintiff Lee, who was in the best position to evaluate which competing theory

best explained the accident, some further inquiry was needed to learn all the facts needed to bring a claim, and such inquiry was frustrated by the criminal proceedings against him.

Further, to the extent that the Toyota Defendants argue that mere knowledge of both injury and the instrumentality of the injury is sufficient to prevent tolling of the statute of limitations, that position is untenable as it would largely eviscerate the distinction between the discovery rule relating to the accrual of the statute of limitations and fraudulent concealment relating to the tolling of the statute of limitations. Cf. Klehr v. A.O. Smith Corp., 521 U.S. 179, 192-95 (1997) (discussing accrual, which may require discovery of injury, and also discussing fraudulent concealment, which requires concealment of cause of action and due diligence).

The Toyota Defendants also argue that amendment is futile because diligence has not been pled. The law is unclear regarding whether diligence must be pled as an element of fraudulent concealment or whether lack of diligence is an affirmative defense to fraudulent concealment that is properly raised after the pleadings stage. Compare In re Milk Prods. Antitrust Litig., 84 F. Supp. 2d 1016, 1024 ("Finally, even if Plaintiffs were able to allege affirmative acts of concealment . . . Plaintiffs' fraudulent concealment claim would still fail because Plaintiffs have not alleged due diligence.") with In re Bulk Popcorn Antitrust Litig., No. 3-89-0710, 1990 WL 123753, *5 (D. Minn. June 19, 1990) ("'Due diligence' need not be pleaded; rather, it is an affirmative defense."). The Toyota Defendants rely on Drobnak v. Andersen Corp. for the proposition that Plaintiffs must plead due diligence to avail themselves of the fraudulent concealment doctrine. 561 F.3d 778, 786 (8th Cir. 2009) (citing Haberle v. Buchwald, 480 N.W.2d 351, 357 (Minn. Ct. App. 1992)). However, a reading of Drobnak reveals that the language cited by the Toyota Defendants is dicta as Drobnak rested entirely on

12

the plaintiff's failure to make an affirmative act or statement in furtherance of the fraud.  See Drobnak, 561 F.3d at 786.  Furthermore, a reading of Haberle shows that the case was misstated by Drobnak, as Haberle states that a plaintiff must *prove* that the concealment could not have been discovered by reasonable diligence, not that the plaintiff must *plead* diligence.  Haberle, 480 N.W.2d at 357.  Because Haberle was an appeal from a grant of summary judgment, that distinction is material to our discussion of whether diligence must be pled in a complaint or is an affirmative defense.  Therefore, with inconsistent directives from this District and unclear guidance from the Eighth Circuit and Minnesota state courts, this issue is unresolved.

However, at this procedural stage, the difference is largely immaterial.  The Court has discretion to grant a motion for leave to amend with conditions.  Polycast Tech. Corp. v. Uniroyal, Inc., 728 F. Supp. 926, 939 (S.D.N.Y. 1989) ("Rule 15(a), however, gives the court authority to impose conditions when leave to amend is allowed.").  Therefore, rather than ruling whether diligence must be pled and adding to the confusion in the caselaw, the Court will grant Plaintiffs' motions to amend on the condition that they not file their proposed first amended complaints but instead revise their proposed amended complaints to identify what diligence, if any, was exercised in investigating their claims.  After such complaints are filed, the Toyota Defendants may renew their motion for judgment on the pleadings if they continue to believe they are entitled to judgment as a matter of law.

**2.      Particularity**

Fraudulent concealment invokes the heightened pleading standards of Rule 9 of the FRCP.  Great Plains Trust Co., 492 F.3d at 995.  Rule 9 requires that the "who, what, where, when, and how" of fraud be pled.  Parnes v. Gateway 2000, Inc., 122 F.3d 539, 550 (8th Cir.

1997).  The Toyota Defendants argue that Plaintiffs' proposed amended complaints fail to particularly plead the "who" of fraudulent concealment because Plaintiffs merely allege the "Toyota Defendants" fraudulently concealed defects in the Camry.  The Court has already dismissed claims against Brooklyn Park Motors, Inc. ("Brooklyn Park Motors") in the Trice-Adams and Block matters where the plaintiffs pled only that "Defendants" or "Toyota Defendants" engaged in fraudulent concealment.  See Block v. Toyota Motor Corp., Civil Nos. 10-2802/10-2803, 2010 WL 5422555, *5 (D. Minn. Dec. 23, 2010).

However, the present cases present a different scenario than that previously confronted in Trice-Adams and Block.  In those cases, Brooklyn Park Motors was grouped with "Defendants" and "Toyota Defendants."  With Brooklyn Park Motors no longer a party to this litigation, the term "Toyota Defendants" as used in the Plaintiffs' proposed amended complaints now refers to Toyota Motor Corporation, Toyota Motor Sales, USA, Inc., Toyota Motor North America, Inc., Toyota Motor Engineering and Manufacturing North America, Inc., Toyota Motor Manufacturing, Kentucky, Inc., and Calty Design Research, Inc.  Unlike Brooklyn Park Motors, all these defendants are closely related entities that belong to the same corporate family.  See Trice-Adams [Proposed] First Am. Compl. ¶¶ 9-14.  Indeed, most of the Defendants are wholly owned subsidiaries of other Defendants, and unlike Brooklyn Park Motors, share counsel in these cases.  See id.  In such situations, where defendants are closely related corporate entities, share counsel, and are able to determine between themselves which committed allegedly fraudulent acts, some courts have held that group pleading of fraud is in the spirit of notice pleading and is permissible.  See, e.g., Storto Enters., Inc. v. Exxonmobil Oil Corp., Civil No. WDQ-10-1630, 2011 WL 231877, *7 (D. Md. Jan. 24, 2011) ("A plaintiff need not particularize

14

its pleadings to each defendant when the defendants are related corporations who 'can most likely sort out their involvement without significant difficulty.'") (quoting Jepson, Inc. v. Makita Corp., 34 F.3d 1321, 1329 (7th Cir. 1994)).  This approach, however, has been neither approved nor rejected by this District or the Eighth Circuit.

Again, the state of the law as it applies to this Court is unsettled.  As with pleading diligence, rather than contributing to the confusion, the Court will grant Plaintiffs' motions under the condition that they file amended complaints that particularly state which defendants engaged in which acts of fraudulent concealment.  As with diligence, the Toyota Defendants may renew their motions for judgment on the pleadings after the amended complaints are filed.  Because further pleadings related to fraudulent concealment may render moot Plaintiff-Intervenors' arguments related to tolling due to incarceration and accrual of the statute of limitations, those issues are reserved.

**D.     Plaintiff-Intervenors' Claims**

Having considered the issues common to all Plaintiffs, the Court now turns to arguments particular to Plaintiff-Intervenors in the Trice matter.  The Toyota Defendants argue that in addition to the fraudulent concealment problems addressed above, Plaintiff-Intervenor's proposed amended complaint is futile because it fails to state a claim for fraud, negligent infliction of emotional distress, or incarceration damages.

**1.     Fraud**

The elements of fraud are: (1) a false representation of a past or present material fact which was susceptible of knowledge, (2) the defendant knew the representation was false or made it without knowing whether it was true or false, (3) an intention to induce plaintiff to act in

15

reliance on the misrepresentation, (4) and resulting damages.  Karlstad State Bank v. Fritsche, 392 N.W.2d 615, 618 (Minn. 1986).  As noted above, under Rule 9 of the FRCP, claims for fraud must be pled with particularity.  Fed. R. Civ. P. 9(b).  The pleadings must identify the "who, what, where, when, and how" of the alleged fraud.  Parnes, 122 F.3d at 550.

The Toyota Defendants argue that Plaintiff-Intervenors' First Amended Complaint in Intervention [Trice Docket No. 131, Ex. 1] fails to identify any specific representations that they heard and relied on.  This position is unavailing.  A fraud claim need not be predicated on affirmative misrepresentations if the defendant had a duty to disclose information.  See Klein v. First Edina Nat'l Bank, 196 N.W.2d 619, 622 (Minn. 1972).  Plaintiff-Intervenors' claim is based on the duty of the Toyota Defendants to disclose knowledge of latent defects related to sudden unintended acceleration.  A party has a duty to disclose in the following circumstances: (1) one who speaks must say enough to prevent his words from misleading the other party; (2) one who has special knowledge of material facts to which the other party does not have access may have a duty to disclose these facts to the other party, (3) one who stands in a confidential or fiduciary relation to the other party must disclose material facts.  Id.  Plaintiff-Intervenors have adequately pled that the Toyota Defendants had a duty to disclose by making partial disclosure or through special knowledge.  Plaintiff-Intervenors' First Am. Compl. in Intervention ¶¶ 36-68. Further, Plaintiff-Intervenors have pled reliance; they state that Lee would not have bought or driven the vehicle, and the passengers would not have ridden in the vehicle, had the Toyota Defendants made disclosures about known defects.  Id. ¶ 103.

The Toyota Defendants also argue that Plaintiff-Intervenors fail to meet the Rule 9 requirements by persisting in pleading that the Toyota Defendants collectively committed fraud.

16

See Daher v. G.D. Searle & Co., 695 F. Supp. 436, 440 (D. Minn. 1988).  As discussed above, the law is unclear whether group pleading is permissible where defendants are closely related corporate entities that share counsel and are in a superior position to determine which entity committed which acts of fraud.  Therefore, as with fraudulent concealment, Plaintiff-Intervenors' motion is granted on the condition that they desist in pleading fraud by Toyota Defendants as a group, and instead particularly state which defendant engaged in which act of fraud.

Finally, the Toyota Defendants argue that Plaintiff-Intervenors fail to state a claim because the allegedly fraudulent statements and concealment by the Toyota Defendants related to electronic-throttle vehicles, not mechanical-throttle vehicles like the Camry at issue.  Although some allegations concern later model Camrys, sufficient allegations concerning 1996 Camrys, and the Toyota Defendants' knowledge of latent defects, have been made to state a claim.  Therefore, the Toyota Defendants' motion with respect to fraud is denied, and leave to amend is granted to Plaintiff-Intervenors on the condition that they file an amended complaint that particularly identifies which Defendants engaged in fraud.

### 2.     Negligent Infliction of Emotional Distress

The Toyota Defendants argue that neither Lee nor Panghoua Moua ("Moua") have stated a viable claim for negligent infliction of emotional distress.  To prevail on a claim for negligent infliction of emotional distress, a plaintiff must show that she: "(1) was within a zone of danger of physical impact; (2) reasonably feared for her own safety; and (3) suffered severe emotional distress with attendant physical manifestations."  K.A.C. v. Benson, 527 N.W.2d 553, 557 (Minn. 1995) (citing Stadler v. Cross, 295 N.W.2d 552, 553 (Minn. 1980)).  The Toyota Defendants argue that Lee and Moua's claims for negligent infliction of emotional distress fail

because they have not pled sufficient physical manifestation or injury.

Lee has adequately pled physical manifestation of his emotional distress by his averments that he suffers insomnia and has been diagnosed with post-traumatic stress disorder.  Plaintiff-Intervenors' First Amended Complaint in Intervention ¶ 33.  The threshold for physical manifestations is not high, and these allegations are sufficient to state a claim. See Miskovich v. Independent School Dist. 318, 226 F. Supp. 2d 990, 1036 (D. Minn. 2002) (denying summary judgment on negligent infliction of emotional distress claim where plaintiff suffered heart palpitations, shortness of breath, fear, and occasional insomnia).

Further, Moua has adequately pled physical injury.  She has pled she suffered injuries in the crash from the deployed airbag as well as insomnia.  Plaintiff-Intervenors' First Amended Complaint in Intervention ¶ 12.  The Toyota Defendants take issue with Moua inserting these allegations at this time.  The allegations are not inconsistent with those in the original Complaint, and the Toyota Defendants are not prejudiced by the amendment.  Therefore, the Toyota Defendants' motion is denied as to negligent infliction of emotional distress, and Plaintiff-Intervenors are granted leave to amend that portion of their Complaint.

**3.      Incarceration Damages**

In their proposed Amended Complaint, Plaintiff-Intervenors seek to recover damages in compensation for the time Lee spent in incarceration.  The Toyota Defendants argue that such damages are not recoverable because none of the alleged acts by the Toyota Defendants was the proximate cause of Lee's incarceration.  Causation is typically a fact question.  See Simon v. Carroll, 62 N.W.2d 822, 874 (Minn. 1954) ("Causation . . . is a fact issue for the jury except when facts are undisputed and are reasonably susceptible of but one inference.").  Proximate

cause, however, while notoriously nebulous, serves a public policy function of limiting liability

to the demands of justice as a matter of law.  See Palsgraf v. Long Island R. Co., 162 N.E. 99,

103 (N.Y. 1928) ("What we do mean by the word 'proximate' is that, because of convenience, of

public policy, of a rough sense of justice, the law arbitrarily declines to trace a series of events

beyond a certain point.").  Under Minnesota law, proximate cause is limited to those cases where

a cause is a "substantial factor" in bringing about the alleged injury.  Flom v. Flom, 291 N.W.2d

914, 917 (Minn. 1980).  In defining what is a substantial factor for proximate cause, Minnesota

courts have looked to the Restatement (Second) of Torts § 431 (1965) for guidance.  See, e.g.,

George v. Estate of Baker, 724 N.W.2d 1, 10-11 (Minn. 2006).  The comment to the Restatement

notes that "substantial" is used to convey the notion that causation should be evaluated in the

"popular sense" and not the "philosophical sense."  Restatement (Second) of Torts § 431 cmt. a

(1965).

Here, Lee's incarceration was not proximately caused by any of the alleged acts of the

Toyota Defendants.  Certainly, Lee has alleged sufficient facts to show that "but for" a design

defect in the Camry he would not have been incarcerated.  However, proximate cause requires

more.  None of the alleged acts by the Toyota Defendants were a "substantial factor" in Lee's

incarceration.  Rather, the casual chain includes many independent actions and decisions by the

Ramsey County Attorney, Lee's ineffective criminal defense attorney, the jury, and the

sentencing judge, among others.  All these factors combined to result in Lee's wrongful

conviction and incarceration.  With the unlikely coalescence of these other factors, it cannot be

said that of any of the alleged acts by the Toyota Defendants were a "substantial factor" in

bringing about Lee's incarceration.  While the alleged acts by the Toyota Defendants may have

been the initial event in a sequence of events that led to Lee's incarceration, it is clear that the causal chain leading to his incarceration ends with the actors that put him on trial, rendered ineffective assistance of counsel, and sentenced him to prison. Therefore, the Toyota Defendants' motion is granted with respect to incarceration damages.

## IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Block's Motion for Leave to Amend Their Original Complaint [Block Docket No. 81]; Trice-Adams' Motion for Leave to File Their First Amended Complaint [Trice-Adams Docket No. 86]; Trice's Motion for Leave to Amend Their Original Complaint [Trice Docket No. 143]; Plaintiff-Intervenors' Rule 15(a)(2) Motion to Amend the Complaint [Trice Docket No. 111]; American Family's Motion to Amend the Complaint [Trice Docket No. 108]; and Adams' Motion for Leave to Amend His Original Complaint [Adams Docket No. 85] are **GRANTED** with the condition that Plaintiffs do not file their proposed amended complaints, but instead revise them and file Amended Complaints that (1) plead what diligence was exercised in investigating their claims, (2) plead with particularity the identity of each Defendant allegedly engaging in fraudulent concealment, and (3) otherwise conform with the parties' agreements regarding punitive damages, Brooklyn Park Motors, and any other agreement;

2. The Toyota Defendants' Motions for Judgment on the Pleadings [Block Docket No. 64] [Trice-Adams Docket No. 70] [Trice Docket No. 83][Adams Docket No. 64] are **DENIED WITHOUT PREJUDICE**; and

3.  The Motion for Judgment on the Pleadings as to Plaintiff-Intervenors' Complaint in

Intervention [Trice Docket No. 86] is **GRANTED IN PART** as to incarceration

damages, and **DENIED IN PART WITHOUT PREJUDICE**.


BY THE COURT:


_____s/Ann D. Montgomery_____
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  June 13, 2011.